UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KURGAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN YATES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO.   1:10-cv-00136-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF No. 1)<br><br>THIRTY (30) DAY DEADLINE |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On January 28, 2010, Plaintiff James Kurgan, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.) Plaintiff's Complaint is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

1

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III. SUMMARY OF COMPLAINT

The Complaint alleges the following named defendants at Pleasant Valley State Prison ("PVSP") violated Plaintiff's rights under the First and Eighth Amendments as well as the Religious Land Use and Institutionalized Persons Act ("RLUIPA"): (1) Warden Yates; (2) Lieutenant John Doe; (3) Sergeant Ward; (4) Sergeant Arrodando; (5) Flores, D-Yard Custody Staff; (6) Thatcher, D-Yard Custody Staff; (7) Mendoza, D-Yard Custody Staff; (8) Officer Mendenhall; (9) Sergeant John Doe; (10) Officer Williams; and (11) an unknown number of John Does.

Plaintiff alleges the following:

On December 25, 2009 Plaintiff asked Flores and Thatcher for access to the chapel

2

in order to conduct Muslim Friday prayer. (Compl. at 5.) Captain Walker had issued a memorandum ordering custody staff to grant Plaintiff and other Muslims access to the chapel for Friday prayer. (Id. at 5, 12.) Flores denied Plaintiff's request. (Id. at 5.) Plaintiff told Flores that he would filed an administrative appeal based on being denied access to religious services. (Id. at 5, 6.) Flores threatened acts of retaliation against Plaintiff should he pursue an administrative appeal. (Id. at 6.)

On January 1, 2010 Plaintiff again requested access to the chapel to conduct Muslim Friday prayer; Sergeant John Doe denied the request.

On January 8, 2010 Plaintiff requested access to the chapel. The request was granted one hour later. As Plaintiff and other Muslim inmates entered the chapel, Defendants Mendoza and Williams "started to mock and disrespect Plaintiff and . . ." another inmate. (Id. at 7.) "Williams stated to C/O Mendoza in a rude way 'salam alaikum brother'! He C/O Williams then spat on the ground and stated terrorists!" (Id.) Plaintiff immediately asked Arrodando why the behavior was tolerated; "Arrodando stated 'just go to services.'" (Id. at 7.)

Plaintiff asserts that the aforementioned conduct violated his First and Eighth Amendment rights along with his rights under RLUIPA. (Id. at 3.) The Court will address each claim below.

**IV.   ANALYSIS**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 548 U.S. 81 (2006)).

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal

4

level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

In order to satisfy 42 U.S.C. § 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81 (2006). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524 (2002)). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n. 5). There is no exception to the exhaustion requirement for imminent harm. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Plaintiff alleges that he was denied access to the chapel on December 25, 2009 and January 1, 2010. He acknowledges that administrative remedies are available at PVSP;; however, he failed to answer questions on the Complaint form as to whether he had availed himself of available remedies. (Compl. at 3.) He did attach an administrative appeal and a first level response from prison officials, but the appeal was received on October 23, 2009, before the events in Plaintiff's Complaint and related to an October 13, 2009, religious event. (Id. at 15.) Because the face of Plaintiff's Complaint reflects that he has not yet exhausted the administrative grievance procedure, this action must be

5

dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .")

## V.    CONCLUSION AND ORDER

Accordingly it is HEREBY ORDERED that within thirty (30) days of the date of service of this order Plaintiff show cause why this action should not be dismissed for failure to exhaust administrative remedies. Failure to follow this order will result in the action being dismissed, with prejudice, for failure to comply with the Order of the Court.

IT IS SO ORDERED.

Dated:    October 11, 2011            /s/ *Michael J. Seng*
ci4d6                                  UNITED STATES MAGISTRATE JUDGE