UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KURGAN, | CASE NO. 1:10-cv-136-MJS (PC) |
| Plaintiff, | ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE |
| v. | |
| WARDEN YATES, et al. | (ECF No. 7) |
| Defendants. | CLERK SHALL CLOSE CASE |

Plaintiff James Kurgan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the Magistrate Judge handing all matters in this action. (ECF No. 5.)

On October 12, 2011, the Court issued an Order to Show Cause, ordering Plaintiff to show cause why this action should not be dismissed for failure to exhaust administrative remedies. (ECF No. 7.) Plaintiff was to respond to this order by November 14, 2011. (Id.) The November 14, 2011 deadline has passed, and to date Plaintiff has not responded to this order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose

1  sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing
2  Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice,
3  based on a party's failure to prosecute an action, failure to obey a court order, or failure to
4  comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)
5  (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61
6  (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a
7  complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
8  comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone
9  v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
10  with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal
11  for lack of prosecution and failure to comply with local rules).

12  In determining whether to dismiss an action for lack of prosecution, failure to obey
13  a court order, or failure to comply with local rules, the Court must consider several factors:
14  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to
15  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
16  disposition of cases on their merits; and (5) the availability of less drastic alternatives.
17  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;
18  Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

19  In the instant case, the Court finds that the public's interest in expeditiously resolving
20  this litigation and the Court's interest in managing its docket weigh in favor of dismissal.
21  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a
22  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an
23  action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public
24  policy favoring disposition of cases on their merits -- is greatly outweighed by the factors
25  in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure
26  to obey the court's order will result in dismissal satisfies the "consideration of alternatives"
27  requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,
28  779 F.2d at 1424.  The Court's order expressly stated: "Failure to follow this order will result

in this action being dismissed...." (ECF No. 7.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's Order.

Accordingly, this action is HEREBY DISMISSED without prejudice based on Plaintiff's failure to prosecute.  The Clerk of the Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

Dated:    December 16, 2011         /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE